UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

CARLOS ALVAREZ, individually and as
The Natural Parent of ABIGAIL ALVAREZ
-FLORES, a MINOR, and EVELYN
FLORES MEJIA, individually and as the
Natural Parent of ABIGAIL ALVAREZ
-FLORES, a MINOR,

    Plaintiffs,
v.

UNITED STATES OF AMERICA;
DISTRICT CLINIC HOLDINGS, INC.,
A Florida Not For Profit Corporation, d/b/a
C.L. BRUMBACK PRIMARY CARE
CLINICS; HEALTH CARE DISTRICT OF
PALM BEACH COUNTY, d/b/a C.L.
BRUMBACK PRIMARY CARE CLINICS;
and ELLEN P. BUCHHOLZ,
ARNP,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

Plaintiffs, CARLOS ALVAREZ, Individually and as the Natural Parent of ABIGAIL ALVAREZ-FLORES, a MINOR, and EVELYN FLORES MEJIA, Individually and as the Natural Parent of ABIGAIL ALVAREZ-FLORES, a MINOR, by and through their undersigned counsel, hereby file this Complaint against the Defendants, UNITED STATES OF AMERICA; DISTRICT CLINIC HOLDINGS, INC., A Florida Not For Profit Corporation, d/b/a C.L. BRUMBACK PRIMARY CARE CLINICS; HEALTH CARE DISTRICT OF PALM BEACH COUNTY, d/b/a

C.L. BRUMBACK PRIMARY CARE CLINICS; and ELLEN P. BUCHHOLZ, ARNP, and states as follows:

## INTRODUCTION

1. This is an action against the Defendants under the Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for negligence and professional malpractice in connection with medical care provided to Abigail Alvarez-Flores, a Minor, by Defendants, the UNITED STATES OF AMERICA; DISTRICT CLINIC HOLDINGS, INC., A Florida Not For Profit Corporation, d/b/a C.L. BRUMBACK PRIMARY CARE CLINICS; HEALTH CARE DISTRICT OF PALM BEACH COUNTY, d/b/a C.L. BRUMBACK PRIMARY CARE CLINICS (all of the forgoing hereinafter collectively shall forthwith be referred to as "BRUMBACK"); and ELLEN P. BUCHHOLZ, ARNP (hereinafter referred to as "BUCHHOLZ"), as an agent and/or employee of BRUMBACK.

2. The claims herein are brought against the Defendants pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for monetary damages as compensation for personal injuries caused by the Defendants' negligence.

3. Plaintiffs, CARLOS ALVAREZ (hereinafter "ALVAREZ"), Individually and as the Natural Parent of ABIGAIL ALVAREZ-FLORES, a MINOR, and EVELYN FLORES MEJIA (hereinafter "MEJIA"), Individually and as the Natural Parent of ABIGAIL ALVAREZ-FLORES, a MINOR, have fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act. ***Standard Form 95 is attached as "Exhibit A".***

4. This suit has been timely filed, in that Plaintiffs, ALVAREZ and MEJIA, timely served notice of their claim on both BRUMBACK and BUCHHOLZ and the United States Department of Justice less than two (2) years after the incident forming the basis of this suit.

2

## PARTIES, JURISDICTION AND VENUE

5. At all times material, Plaintiffs, ALVAREZ and MEJIA, were and are residents of Palm Beach County, Florida.

6. Defendants UNITED STATES OF AMERICA, through its agencies, DISTRICT CLINIC HOLDINGS, INC. AND HEALTH CARE DISTRICT OF PALM BEACH COUNTY, operate C.L. BRUMBACK PRIMARY CARE CLINICS located at 2601 10th Avenue North, Suite 100, Palm Springs, Florida 33461.

7. At all times relevant to this Complaint, BRUMBACK held themselves out to the Plaintiffs and to other eligible beneficiaries to be a provider of high quality health care services, with the expertise necessary to maintain the health and safety of patients like Abigail Alvarez-Flores.

8. At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, doctors, advanced registered nurse practitioners such as BUCHHOLZ, subcontractors, and staff were employed by and/or acting on behalf of the BRUMACK. Furthermore, BRUMBACK is responsible for the negligent acts of their employees and agents under the theory of respondeat superior.

9. At all times material, BUCHHOLZ, was a practicing advanced registered nurse practitioner, and was licensed under the laws of the State of Florida.

10. Jurisdiction is proper under 28 U.S.C. §1346(b)(1).

11. Venue is proper under 28 U.S.C. §1402(b) in that all, or a substantial part of the acts or omissions forming the basis of these claims occurred in the Southern District of Florida.

## FACTUAL ALLEGATIONS

12. On or about July 30, 2015, MEJIA took Abigail Alvarez-Flores, an infant who was born on July 2, 2015, to a well-baby exam at BRUMBACK.

3

13. At BRUMBACK, Abigail Alvarez-Flores, was examined and treated by BUCHHOLZ.

14. There was a small amount of pus being exuded at Abigail Alvarez-Flores's umbilicus (a/k/a "belly button") where her umbilical cord had been detached immediately after her birth.

15. BUCHHOLZ applied silver nitrate topically to Abigail Alvarez-Flores's umbilicus, at which time the silver nitrate dripped from the applicator onto Abigail Alvarez-Flores's abdomen.

16. BUCHHOLZ either applied an excessive quantity of silver nitrate, used an incorrect concentration of silver nitrate, did not timely remove the excess silver nitrate from Abigail Alvarez-Flores's abdomen, or otherwise failed to properly administer the silver nitrate to Abigail Alvarez-Flores's umbilicus. BUCHHOLZ also failed to assure that silver nitrate came in contact only with tissue being treated: the umbilicus, failed to provide a protective barrier around the umbilicus to prevent the silver nitrate from oozing outside the confined treatment area, and failed to wash away any silver nitrate that came in contact with any skin adjacent to or surrounding the umbilicus with 0.9% saline.

17. As a result, Abigail Alvarez-Flores suffered permanent injuries including chemical burns to her abdomen, and subsequent scarring, requiring significant medical care and treatment, and which will require future treatment when Abigail Alvarez-Flores has completed her physical growth.

18. Plaintiffs have endured significant mental and emotional distress and trauma as a result of Abigail Alvarez-Flores's injuries.

## CAUSES OF ACTION

### COUNT I – VICARIOUS AND ACTIVE NEGLIGENCE OF BRUMBACK

19. Plaintiffs, CARLOS ALVAREZ, Individually and as the Natural Parent of ABIGAIL ALVAREZ-FLORES a MINOR, and EVELYN FLORES MEJIA, Individually and as the Natural

Parent of ABIGAIL ALVAREZ-FLORES a MINOR, reallege and reincorporate the allegations in paragraphs 1 through 18 above as if set forth in full herein.

20. At all times material, BRUMBACK had a duty to provide ordinary care, and to exercise that standard and degree of care and skill required of health care providers, consistent with the expertise that BRUMBACK presented to the community at large.

21. Defendant BRUMBACK breached its duty of care to Abigail Alvarez-Flores.

22. At all times relevant to this Complaint, Defendant BRUMBACK had a duty to hire competent operators, administrators, employees, agents, doctors, advanced registered nurse practitioners such as BUCHHOLZ, subcontractors, and staff in order to meet its standards of quality care of its patients, including Abigail Alvarez-Flores. BRUMBACK knew, or should have known, that the medical staff of the facility was not properly qualified, trained and/or supervised, in a manner necessary to provide a level of care for Abigail Alvarez-Flores that met all applicable legal requirements; that demonstrated the standard and degree of care and skill required of competent health care providers; and was consistent with the expertise that BRUMBACK presented to the community at large.

23. Defendant BRUMBACK breached its duty by negligently hiring or supervising incompetent, inexperienced, and/or unqualified operators, administrators, employees, agents, doctors, advanced registered nurse practitioners such as BUCHHOLZ, subcontractors, and staff.

24. Defendant BRUMBACK had a duty to hire and retain only competent and adequately trained operators, administrators, employees, agents, doctors, advanced registered nurse practitioners such as BUCHHOLZ, subcontractors, and staff in order to meet its standards of quality of care or its patients, including Abigail Alvarez-Flores.

25. Defendant BRUMBACK breached its duty by negligently retaining incompetent, inexperienced, unqualified, and/or adequately trained operators, administrators, employees, agents, doctors, advanced registered nurse practitioners such as BUCHHOLZ, subcontractors, and staff.

26. Defendant, BRUMBACK, was also vicariously liable under respondeat superior, for the actions of its staff, including but not limited to, Co-Defendant BUCHHOLZ.

27. Defendant, BRUMBACK, was actively negligent in ways to be determined through discovery.

28. As a direct and proximate result of Defendant BRUMBACK's negligence, Abigail Alvarez-Flores suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and expense of hospitalization, medical, and nursing care and treatment. These losses are either permanent or continuing in nature, and Abigail Alvarez-Flores will suffer further losses in the future.

29. As a direct and proximate result of Defendant BRUMBACK's active and vicarious negligence, Plaintiffs, CARLOS ALVAREZ, Individually and as the Natural Parent of ABIGAIL ALVAREZ-FLORES a MINOR, and EVELYN FLORES MEJIA, Individually and as the Natural Parent of ABIGAIL ALVAREZ-FLORES a MINOR, suffered mental anguish, loss of capacity for the enjoyment of life, and expense of hospitalization, medical, and nursing care and treatment. These losses are either permanent or continuing in nature, and Plaintiffs will suffer further losses in the future.

30. The acts and/or omissions set forth above would constitute a claim under the law of the State of Florida.

31. Defendant is liable pursuant to 28 U.S.C. §1346(b)(1).

## COUNT II– NEGLIGENCE OF BUCHHOLZ

32. Plaintiffs, CARLOS ALVAREZ, Individually and as the Natural Parent of ABIGAIL ALVAREZ-FLORES a MINOR, and EVELYN FLORES MEJIA, Individually and as the Natural Parent of ABIGAIL ALVAREZ-FLORES a MINOR, reallege and reincorporate the allegations in paragraphs 1 through 18 above as if set forth in full herein.

33. At all times material, BUCHHOLZ, was an advanced registered nurse practitioner with privileges to treat patients on behalf of BRUMBACK.

34. At all times material, BUCHHOLZ, undertook and owed Abigail Alvarez-Flores a duty to exercise that level of care, skill and treatment which, in light of all relevant and surrounding circumstances, was recognized as acceptable and appropriate by reasonably prudent advanced registered nurse practitioners evaluating and caring for patients such as Abigail Alvarez-Flores, under like circumstances.

35. The care, skill and treatment BUCHHOLZ provided Abigail Alvarez-Flores fell beneath that level of care, skill and treatment, which in light of all relevant and surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar health care providers, as described in Count I, above.

36. Defendant BUCHHOLZ's above described negligence and deviations from acceptable standards of care caused or contributed substantially Abigail Alvarez-Flores's subsequent permanent and irreversible chemical burns and scarring.

37. As a direct and proximate result of Defendant BUCHHOLZ's negligence, Abigail Alvarez-Flores suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and expense of hospitalization, medical, and nursing care and treatment. These losses are either permanent or continuing in nature, and Abigail Alvarez-Flores will suffer further losses in the future.

38. As a direct and proximate result of Defendant BUCHHOLZ's negligence, Plaintiffs, CARLOS ALVAREZ, Individually and as the Natural Parent of ABIGAIL ALVAREZ-FLORES a MINOR, and EVELYN FLORES MEJIA, Individually and as the Natural Parent of ABIGAIL ALVAREZ-FLORES a MINOR, suffered mental anguish, loss of capacity for the enjoyment of life, and expense of hospitalization, medical, and nursing care and treatment. These losses are either permanent or continuing in nature, and Plaintiffs will suffer further losses in the future.

39. The acts and/or omissions set forth above would constitute a claim under the law of the State of Florida.

40. Defendant is liable pursuant to 28 U.S.C. §1346(b)(1).

## DAMAGES

As a direct and proximate result of the acts and omissions of Defendants, the United States of America, o/b/o District Clinic Holdings, Inc. and Health Care District Of Palm Beach County; District Clinic Holdings, Inc., d/b/a C.L. Brumback Primary Care Clinics; Health Care District Of Palm Beach County, d/b/a C.L. Brumback Primary Care Clinics; and Ellen P. Buchholz, ARNP, are liable to Plaintiffs, CARLOS ALVAREZ, Individually and as the Natural Parent of ABIGAIL ALVAREZ-FLORES, a MINOR, and EVELYN FLORES MEJIA, Individually and as the Natural Parent of ABIGAIL ALVAREZ-FLORES, a MINOR, for the following:

a. Bodily injuries and resulting pain and suffering;

b. Permanent disability;

c. Disfigurement;

d. Mental anguish;

e. Loss of capacity for the enjoyment of life; and

f. Expense of hospitalization, medical, and nursing care and treatment.

These losses are either permanent or continuing in nature and Plaintiffs will suffer these losses into the future. These damages were the direct and proximate result of the acts and omissions of Defendants.

WHEREFORE, Plaintiffs, CARLOS ALVAREZ, Individually and as the Natural Parent of ABIGAIL ALVAREZ-FLORES, a MINOR, and EVELYN FLORES MEJIA, Individually and as the Natural Parent of ABIGAIL ALVAREZ-FLORES, a MINOR, demand judgment for damages against Defendants, the UNITED STATES OF AMERICA; DISTRICT CLINIC HOLDINGS, INC., A Florida Not For Profit Corporation, d/b/a C.L. BRUMBACK PRIMARY CARE CLINICS; HEALTH CARE DISTRICT OF PALM BEACH COUNTY, d/b/a C.L. BRUMBACK PRIMARY CARE CLINICS; and ELLEN P. BUCHHOLZ, ARNP, and costs and interest on liquidated sums, and Plaintiffs further demands trial by jury as to all claims triable of right by jury.

Dated 11th day of July, 2017.

LAW OFFICES OF CRAIG GOLDENFARB, P.A.
Counsel for Plaintiff
1800 S. Australian Avenue, Ste 400
West Palm Beach, FL 33409
Telephone: (561) 697-4440 / Fax: (561) 687-1950

By: _____, for
SPENCER T. KUVIN
Fla. Bar No. 0089737
Service@800goldlaw.com
skuvin@800goldlaw.com
LWeir@800goldlaw.com